Filed 6/30/15  P. v. McGruder CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>v.<br><br>PAUL ANTHONY McGRUDER,<br><br>       Defendant and Appellant. | A142872<br><br>(Alameda County<br>Super. Ct. No. 165889) |

Defendant Paul Anthony McGruder appeals from the sentence imposed after entry of a negotiated plea.  His counsel has raised no issues and asks this court for an independent review of the record to determine whether there are any issues that would, if resolved favorably to defendant, result in reversal or modification of the judgment.  (*People v. Kelly* (2006) 40 Cal.4th 106; *People v. Wende* (1979) 25 Cal.3d 436; see *Smith v. Robbins* (2000) 528 U.S. 259.)  Counsel notified defendant that he may file a supplemental brief with the court, and defendant has filed an appropriate brief explaining the reason for his appeal.  Upon independent review of the record, we conclude no arguable issues are presented for review, and affirm the judgment.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

According to the probation report, defendant threatened a person entering her car in a parking lot with a gun, but he fled when she attacked him with a pair of scissors.  Defendant then threatened the driver of nearby parked car, but he again fled when the driver began honking his horn.  When he saw a third person coming from his house, defendant took the man's keys at gunpoint and drove off in his car.  When the car was

located, a letter addressed to defendant was found inside. The car keys were later found in a search of defendant's home, and his DNA was found on the scissors.

In an information filed April 25, 2011, defendant was charged with two counts of attempted carjacking (Pen. Code,[1] § 215, subd. (a)), one count of carjacking (§ 215, subd. (a)), and one count of kidnapping for carjacking (§ 209.5, subd. (a)). In addition, the information alleged five prior convictions, including two prior strike convictions. (§§ 667, subds. (a)(1), (e)(2), 1170.12, subd. (c)(2).)

Pursuant to a plea agreement, defendant pleaded no contest to three counts of attempted robbery, a lesser included offense of carjacking, and admitted two serious prior felony convictions in exchange for a sentence of 13 years 4 months in state prison. The court later imposed the agreed-upon prison sentence, calculated using the midterm of two years for the first attempted robbery conviction, one-third the midterm, or one year four months, for the second and third attempted robbery convictions, and five years each for the two prior convictions. Defendant was initially awarded 3,308 days of presentence credit, but that was increased to 3,532 days at a later hearing.

## DISCUSSION

In his supplemental brief, defendant acknowledges that the trial court sentenced him in accord with the plea agreement, but he requests that we review the lawfulness of the sentence imposed, in particular whether it was appropriate for the court to impose consecutive one-third sentences for the second and third attempted robbery convictions. In the absence of a certificate of probable cause, however, defendant is barred from contesting the validity of his plea on appeal. This specifically includes raising any claim that the agreed sentence was unlawful. (§ 1237.5; *People v. Cuevas* (2008) 44 Cal.4th 374, 384 ["Defendant received what he negotiated and agreed to under the plea agreement, and he must abide by the terms of the agreement."].) Because there is no certificate of probable cause in the appellate record, defendant is precluded from

---

[1] All statutory references are to the Penal Code.

challenging the legality of the agreed sentence, and we have no authority to consider that issue in our independent review of the record.

We otherwise find nothing amiss in the proceedings. Defendant was ably represented by counsel at all times during the proceedings. Based on the probation report, there was a sufficient factual basis for his plea. As defendant acknowledges, the sentence imposed was consistent with the sentence to which he agreed during the plea proceedings. The restitution, fines, and fees imposed by the court were appropriate.

Having independently reviewed the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

The judgment is affirmed.


_____
Margulies, J.


We concur:


_____
Humes, P.J.


_____
Banke, J.